STEVEN R. KARTAGENER
ATTORNEY AT LAW

THE WOOLWORTH BUILDING
233 BROADWAY - SUITE 2340
NEW YORK, NEW YORK 10279

TELEPHONE (212) 732-9600
FAX (212) 732-6966
EMAIL SRK@KARTLAW.COM

June 30, 2017

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

        RE:    **United States v. Emils Mors**
                    **Dkt. No. 16 Cr. 692 (JMF)**

Dear Judge Furman:

      I represent defendant Emils Mors, (hereinafter "defendant"), in the above-entitled criminal action. This 22-year-old defendant stands before the Court having been convicted by guilty plea of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. 1343, 18 U.S.C. 1349. Essentially, defendant and his co-conspirators operated an elaborate money laundering operation which involved defendant's coming to the United States from Latvia, and, once here, opening up fictitious bank accounts on the Internet, into which illicitly obtained funds were deposited before the fraudulently obtained moneys were shipped to accomplices outside of the United States. The parties have calculated the Guidelines loss as being more than $250,000, but less than $550,000. Defendant, a first-time offender, is in Criminal History Category I. *See* Defendant's Presentence Report (hereinafter "PSR"), paragraph 5 (b). The stipulated Guidelines range is level 25, and defendant does not dispute that calculation. *See* PSR 5 (a) - (h). Based on this computation, defendant is looking at a stipulated Guidelines sentencing range of 57 to 71 months. The probation officer recommends a sentence of 57 months, to be followed by deportation back to Latvia. *See* Sentencing Recommenation, page 17, 19.

      The parties have agreed that there will be neither a downward nor upward departure, but that either party may seek a sentence outside of the Stipulated Guidelines range based upon the factors set forth in 18 U.S.C. 3553 (a). Pursuant to that agreement, defendant respectfully urges this Court to grant a downward variance and impose a sentence that is considerably less than the sentence recommended by the Probation Department.

Case 1:16-cr-00692-JMF   Document 45   Filed 06/30/17   Page 2 of 6

Hon. Jesse M. Furman
United States District Judge
Page 2

### The Basis for Defendant's Request that he
### Receive a Reduced Sentence

Defendant was 21 years old when he came to the United States for the purpose of carrying out the fraudulent scheme that was explained to him by others. Defendant followed the instructions that were provided to him by others. Shortly before defendant came to the United States, his mother died of cancer at the age of 40. *See* PSR para. 45. With his mother's early death, and with his father being gone from defendant's life, defendant was, for the most part, rudderless. One of his primary interests at that point in time was to earn money for his 9-year-old half sister Marija Brumberga. *See* PSR, paras. 24, 46. As defendant told the probation officer:

> ". . . . Mors indicated that he got involved in the instant offense because of personal debt, the lack of employment in Latvia, and due to the death of this mother in 2015. The defendant also wanted to earn some money for his younger half-sibling, Maraija Brumberga."

PSR, para. 24. Defendant saw his becoming involved in the instant offense as a means by which he could achieve some of these financial goals.

However, shortly after coming to the United States and implementing the fraudulent scheme, defendant realized that he was dealing with dangerous men. He wanted to extricate himself from the precarious situation in which he had placed himself.

On the evening of September 19, 2016, defendant was staying at the American Best Value Inn in Whippany, New Jersey when police officers were summoned to the motel for a reason unrelated to defendant. However, defendant approached the police officers and reported that there were men who were trying to kidnap him. Defendant accepted the police officers' suggestion that he return with them to the Hanover Police Department, where defendant informed the police of the details of his scheme. As a consequence, officers from Homeland Security became involved in the investigation. *See* PSR, paras. 10, 11. As a practical matter, defendant informed on himself.

Defendant was brought to the Southern District of New York, and a Magistrate Judge of this Court released defendant on bail, with an instruction that he return to Pretrial Services and the United States Attorney's Office on September 26, 2016. However, defendant failed to appear, and a bench warrant was issued for bail jumping. *See,* PSR, para. 8. As related by defendant to his attorney, after defendant had been released on bail, defendant became concerned that if he disclosed to the authorities information about his bosses, they would see to it that he was killed. Also, defendant was deeply concerned that his bosses might cause defendant's sister serious injury or death. Accordingly, defendant got cold feet about cooperating, and he decided not to return to the United States Attorney's Office.

Hon. Jesse M. Furman
United States District Judge
Page 3

    Defendant understands full well that this was a serious crime that requires careful scrutiny and strong condemnation. We simply wish to convince the Court that this young, foolish boy of 22 years, who initially turned himself into the police on his own, should not be warehoused in a federal prison for the next 5 years. It was our hope to convince the Court that a lesser term of 2 to 3 years would be sufficient but not greater than necessary to comply with the goals of coming up with a fair and just sentence. *See* 18 U.S.C. 3553 (a).

    Thank you.

Respectfully submitted,

*/s/ Steven R. Kartagener*

Steven R. Kartagener